# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK D. FOX, | Case No. 1:22-cv-01197-ADA-SAB |
| Plaintiff, | ORDER ENTERING STIPULATED PROTECTIVE ORDER |
| v. | (ECF No. 27) |
| EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

1.      The parties to this action have stipulated to the terms of this Protective Order; accordingly, it is ORDERED:

2.      Pursuant to Local Rule 141.1(c)(1) and (2), the parties anticipate that due to the nature of Plaintiff's claims and Defendants' defenses, discovery will by definition include proprietary and confidential business information as concerning Defendants and confidential banking, income and/or tax records as concerning Plaintiff. The parties recognize the disclosure of this proprietary and confidential business information poses a substantial risk to Defendants' business and financial interests. The parties anticipate discovery on the following topics, all of

1

which by definition implicate proprietary trade secrets with respect to Defendants: 1) details on Defendants' internal policies concerning, *inter alia*, credit reporting, investigating disputed consumer information, and other policies relating to Plaintiff's claims and Defendants' defenses; 2) trade secret and business strategy information concerning Defendants' processes like the methodology Defendants use to generate credit scores, analyze data, and other processes relating to Plaintiff's claims and Defendants' defenses; and, 3) confidential and sensitive information concerning Defendants' product offerings, sales and/or marketing strategies, and other product information relating to Plaintiff's claims and Defendant's defenses. This information is not otherwise available to the public, and the parties recognize and acknowledge that this information becoming available to the public would be extremely valuable to Defendants' competitors. The parties also anticipate discovery on topics concerning Plaintiff's background, much of which shares the same confidential characteristics, including detailed credit information, Plaintiff's generalized background, Plaintiff's income taxes, and other information concerning Plaintiff relating to Plaintiff's claims and Defendants' defenses. The parties state that the above descriptions are not intended to be an exhaustive list of all classes of information subject to this Stipulated Protective Order. However, this statement is made in compliance with the requirements set forth in Local Rule 141.1(c)(1) and (2).

3.      Pursuant to Local Rule 141.1(c)(3), the parties agree the details in the "Terms and Conditions" set forth below should be entered by court order, rather than as an agreement by and between the parties, because these terms will apply only to the immediate litigation. A protective order entered by the Court will outline procedures for the parties to follow to expeditiously resolve confidentiality and/or privilege disputes – ideally with minimal court involvement. A court order will govern potential discovery from third parties who are non-parties to the immediate litigation and may not otherwise be subject to a private agreement between the parties.

## 4.      **TERMS AND CONDITIONS**

**1**      **Definitions**.  As used in this protective order:

    (a)      "attorney" means an attorney who has appeared in this action or is an employee of any name firm and actively assisting an attorney of record in the matter;

(b) "confidential" means a document reasonably designated as confidential under this protective order;

(c) "destroy" means to shred or delete information received. Nothing about the term destroy shall prevent a lawyer from complying with professional and ethical rules requiring preservation of a client's file.

(d) "document" means information disclosed or produced in discovery, including at a deposition;

(e) "notice" or "notify" means written notice, including email;

(f) "party" means a party to this action; and

(g) "protected document" means a document protected by a privilege or the work-product doctrine.

**2   Designating a Document or Deposition as Confidential.**

(a) In making a confidentiality designation, the designating party represents that it has a good-faith basis for contending that the document is "confidential," as defined by this order.

(b) No party shall designate any document or portion of any document as confidential that he/she has not carefully reviewed;

(c) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party reasonably contends that it contains confidential or proprietary information.

(d) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential." Deposition testimony may be designated as confidential:

(1) after the deposition, by notifying the parties and those who were present at the deposition within 21 days after the deposition transcript becomes available, unless otherwise agreed.

(e) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the

3

presence of only those persons entitled to receive confidential documents

**3      Who May Receive a Confidential Document.**

(a)     "All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "confidential" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order."

(b)     No person receiving a confidential document may reveal it, except to:

(1) the court and its staff;

(2) an attorney or an attorney's partner, associate, or staff;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) any juror or alternative juror;

(6) Experts retained in connection with this action;

(7) Any witness in this action who has received the "Acknowledgement of Understanding" (Exhibit A);

(8) Professional jury, trial consultants, mock jurors, and professional vendors, who have received the "Acknowledgement of Understanding" (Exhibit A);

(9) any person who is retained to assist a party or attorney with this action, who has received the "Acknowledgement of Understanding" (Exhibit A);

(c)     If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

///

4

**4**      **Correcting an Error in Designation.**  A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**5**      **Use of a Confidential Document in Court.**

(a)      Filing.  To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal. The parties shall comply with the Court's local rule governing filing under seal. This protective order, however, does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with the Court's local rule governing the filing of sealed documents.

**6**      **Changing a Confidential Document's Designation.**

(a)      Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b)      Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c)      Changing a designation by court order.  If a party challenges the confidentiality designation of a document, the parties shall meet and confer concerning that issue within 10 days from the date the challenge is made.  If the parties cannot agree after they meet and confer, the designating party may file a motion seeking entry of a protective order concerning the specific document, seeking to have the Court designate it as confidential.  That motion shall be filed no later than 21 (twenty-one) days after the parties meet and confer as discussed earlier in this paragraph.

All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

(d)     If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party.  The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**7     Handling a Confidential Document after Termination of  Litigation.**

(a)     Within 60 days after the termination of this action (including any appeals), each party must:

(1) return or destroy all confidential documents.

(b)     Notwithstanding paragraph 7(a), each attorney may retain a copy of any confidential document submitted to the court and each attorney may retain records as required by the professional rules of conduct for lawyers. However, as set forth in paragraph 3(a) herein, no information subject to this Order shall be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

**8     Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)     Notice.

(1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection.  If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b)     Handling of Protected Document.  A party who is notified or discovers that it may

have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**9**    **Security Precautions and Data Breaches.**

(a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**10**    **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**ACKNOWLEDGEMENT OF UNDERSTANDING
AND AGREEMENT TO BE BOUND**

I have read, and agree to be bound by, the protective order in the case captioned Rick D. Fox v. Trans Union, et al, Case No. 1:22-cv-01197-SAB in the United States District Court for the Eastern District of California. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.  I declare under penalty of perjury that the foregoing is true and correct.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

### COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER

Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED that:

1. The above stipulated protective order is ENTERED;

2. The provisions of the parties' stipulation and this protective order shall remain in effect until further order of the Court;

3. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

4. The party making a request to file documents under seal shall be required to show either good cause or compelling reasons to seal the documents, depending on the type of filing, Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir. 2009); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016); and

5. If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made.

IT IS SO ORDERED.

Dated:  __March 3, 2023__

_____
UNITED STATES MAGISTRATE JUDGE