1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK D. FOX, | Case No. 1:22-cv-01197-ADA-SAB |
| Plaintiff, | ORDER RE NOTICE OF SETTLEMENT, ORDERING DISPOSITIONAL DOCUMENTS, AND ADVISING PARTIES OF COURT'S PRACTICE CONCERNING RETENTION OF JURISDICTION |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | |
| Defendants. | (ECF No. 36) |
| | **DEADLINE: JULY 12, 2023** |

Plaintiff initiated this action on September 21, 2022.  (ECF No. 1.)  On June 21, 2023, Plaintiff filed a notice of settlement indicating that Plaintiff has settled the matter as to Defendant Experian Information Solutions, Inc., only.  (ECF No. 36.)  The filing indicates that the parties are in the process of finalizing the terms and performance attendant to that resolution; that the parties anticipate completing that performance within the next forty-five (45) days and submitting to the Court the necessary dismissal papers; in the interim, the parties ask that the Court vacate all deadlines in this matter, as to Defendant Trans Union, LLC only; and Plaintiff further requests that the Court retain jurisdiction for any matters related to completing and/or enforcing the settlement.

As the filing contains no specific reason for requiring forty-five (45) days to dismiss the Defendant aside from completing *performance* under the settlement agreement, the Court shall require Plaintiff to file dispositional documents within twenty-one (21) days, consistent with the

Local Rule.  See L.R. 160(b) ("[T]he Court shall fix a date upon which the documents disposing of the action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause.").  At that point, if Plaintiff requires additional time to file dispositional documents as to the Defendant, Plaintiff may request an extension of the deadline upon a demonstration of specific good cause.  However, in this regard, the parties are advised that once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather settlement of the action.  Further this Court generally declines generic requests to retain jurisdiction following dismissal, absent a specific request and showing of good cause, and such retention requires a subsequent order of approval from the Court retaining jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation . . . . [e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file dispositional documents pertaining to Defendant Experian Information Solutions, Inc., **on or before July 12, 2023**.

IT IS SO ORDERED.

Dated:   **June 22, 2023**

UNITED STATES MAGISTRATE JUDGE