# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK D. FOX,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 1:22-cv-01197-ADA-SAB<br><br>ORDER EXTENDING TIME FOR DISPOSITIONAL DOCUMENTS TO BE FILED<br><br>(ECF No. 39) |

On June 21, 2023, the parties filed a notice of settlement as to Defendant Trans Union, LLC only. (ECF No. 6.) On June 22, 2023, the Court vacated all pending matters and dates and ordered the parties to file dispositional documents no later than July 12, 2023. (ECF No. 37.)

On July 12, 2023, Plaintiff filed a request for an extension of time to file dispositional documents. (ECF No. 39.) Plaintiff proffers the settlement documents were signed and returned to Defendant, and Plaintiff understands the settlement check has been prepared and should be sent to Plaintiff by July 28, 2023. On this basis, Plaintiff requests an extension of the date to file dispositional documents until August 4, 2023. Plaintiff proffers this constitutes good cause for an extension. The Court disagrees.

As the Court cautioned the parties in its prior order, titled "Order re: Notice of Settlement,

1

Ordering Dispositional Documents, and Advising Parties of Court's Practice Concerning Retention of Jurisdiction," where there is no specific reason for requiring additional time to dismiss the Defendant aside from completing *performance* under the settlement agreement, no additional time shall be granted. (See ECF No. 37 at 1.) The Court further cautioned the parties that, should they seek an extension of the dispositional documents filing deadline,

> Plaintiff may request an extension of the deadline upon a demonstration of specific good cause. However in this regard, the parties are advised that once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather settlement of the action. Further this Court generally declines generic requests to retain jurisdiction following dismissal, absent a specific request and showing of good cause, and such retention requires a subsequent order of approval from the Court retaining jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation … [e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."

(ECF No. 37 at 2.)

Plaintiff's unilateral request for an extension of time indicates the agreement is complete and additional time is only sought because Plaintiff has not yet received his settlement check. As the Court previously noted, this does not constitute good cause. Further, Plaintiff's request for an extension, filed on the date of the deadline, does not demonstrate diligence and is not well-taken. Plaintiff has provided no additional good cause in this matter. He indicates he mailed a fully-executed settlement agreement to Defendant on an unknown date. It is unclear whether either party acted diligently to conclude their settlement matters in this action. On this basis, Plaintiff's request for an extension until August 4, 2023 shall be denied. Instead, as the deadline to file dispositional documents expired yesterday, the Court will permit the parties to file the documents until July 20, 2023. If further extension is required, the requesting party must demonstrate extremely good cause, as defined by the foregoing authorities; however, the parties are advised that the Court is not inclined to grant further extensions in this matter. Further, the parties are reminded that requests to extend filing deadlines that are made on the eve of a deadline will be

looked upon with disfavor and may be denied absent a showing of good cause for the delay in seeking an extension. The parties are also advised that if such a request is made after a deadline, the party seeking the nunc pro tunc extension must show additional good cause as to why the matter was filed late.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties SHALL FILE dispositional documents **no later than July 20, 2023**.
2. Failure to comply with the Court's order will result in the imposition of sanctions, including monetary sanctions <u>against all parties and their attorneys of record</u>, as well as dismissal of this action.

IT IS SO ORDERED.

Dated:   **July 13, 2023**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE

3