1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICK D. FOX,                              No. 1-22-cv-01197-DAD-DB

12              Plaintiff,

13        v.                                   ORDER GRANTING DEFENDANT'S
                                               MOTION TO COMPEL ARBITRATION AND
14   EXPERIAN INFORMATION                      STAYING THE PROCEEDINGS PENDING
     SOLUTIONS, INC., et al.,                  ARBITRATION
15
              Defendants.                      (Doc. No. 46)
16

17

18        This matter is before the court on defendant's motion to compel arbitration. (Doc. No.

19   46.) On September 27, 2023, the pending motion was taken under submission on the papers

20   pursuant to Local Rule 230(g) after it was reassigned to the undersigned. (Doc. Nos. 50, 53.) For

21   the reasons explained below, the court will grant defendant's motion to compel arbitration.

22                                   **BACKGROUND**

23        On September 21, 2022, plaintiff Rick D. Fox initiated a consumer credit action against

24   defendants Experian Information Solutions, Inc. ("defendant") and Trans Union, LLC.[1] (Doc.

25   No. 1.) In his operative complaint, plaintiff asserts the following four causes of action against

26   defendant: (1) failing to establish and/or follow reasonable procedures in violation of 15 U.S.C.

27   ─────────────────

28   [1] On July 18, 2023, the court dismissed Trans Union, LLC as a named defendant in this action
     with prejudice pursuant to stipulation by plaintiff and Trans Union, LLC. (*See* Doc. Nos. 41, 42.)

                                             1

§ 1681e(b); (2) failing to conduct a reasonable reinvestigation in violation of § 1681i; (3) failing to establish and/or follow reasonable procedures in violation of California Civil Code § 1785.14; and (4) failing to reasonably reinvestigate in violation of California Civil Code § 1785.16.  (*See id.*)

On August 22, 2023, defendant Experian filed the pending motion to compel arbitration, contending that by signing up for "CreditWorks," a credit monitoring service with defendant Experian's corporate affiliate, ConsumerInfo.com, Inc. (which does business as Experian Consumer Services ("ECS")), plaintiff had agreed to arbitrate any claims against defendant Experian.  (Doc. No. 46-1 at 8.)[2]  Defendant's motion was accompanied by a declaration from David Williams, the Vice President of Business Governance for ConsumerInfo.com, stating that his review of enrollment data indicated that plaintiff enrolled in CreditWorks.  (Doc. No. 46-2 at ¶¶ 1, 3.)  Mr. Williams also declared that every version of the Terms of Use that was in effect during plaintiff's enrollment in CreditWorks contained an arbitration provision (the "Arbitration Agreement").  (*Id*. at ¶ 6.)  At the time that plaintiff filed his lawsuit, the Arbitration Agreement in effect stated that "ECS and you agree to arbitrate all disputes and claims between us arising out of or relating to this Agreement to the maximum extent permitted by law" and:

> The agreement to arbitrate includes, but is not limited to:  claims arising out of or relating to any aspect of the relationship between us arising out of any Service or Website, whether based in contract, tort, statute (including, without limitation, the Credit Repair Organizations Act) fraud, misrepresentation or any other legal theory; claims that arose before this or any prior Agreement (including, but not limited to, claims relating to advertising); claims that are currently the subject of purported class action litigation in which you are not a member of a certified class; and claims that may arise after the termination of this Agreement.

(*Id.* at 46–47.)  The Arbitration Agreement further provided that "[f]or purposes of this arbitration provision, references to 'ECS,' 'you,' and 'us' shall include our respective parent entities, subsidiaries, affiliates . . . ."  (*Id.* at 47.)  Based on these provisions, defendant argues that the

/////

---

[2]  According to the Williams declaration, both ECS and defendant are wholly owned by Experian Holdings, Inc. and share the same parent company, Experian plc.  (Doc. No. 46-2 at ¶ 2.)

1    court must grant its motion to compel plaintiff to arbitrate his claims against it.  (Doc. No. 46-1 at

2    12.)

3             On September 5, 2023, plaintiff filed his opposition to defendant's motion, arguing that

4    defendant has waived its right to arbitrate.  (Doc. No. 46.)  On September 13, 2023, defendant

5    filed its reply thereto, arguing that there was no waiver and that the issue of waiver has been

6    delegated to an arbitrator under the agreement.  (Doc. No. 51.)  On October 10, 2023, plaintiff

7    filed a notice of supplemental authority to alert the court of the decision in *Slaten v. Experian*

8    *Info. Sols., Inc.*, No. 21-cv-09045-MWF, 2023 WL 6890757 (C.D. Cal. Sept. 6, 2023).  (Doc. No.

9    58.)  On October 11, 2023, defendant filed a response to plaintiff's notice of supplemental

10   authority.  (Doc. No. 59.)

11                                        **LEGAL STANDARD**

12            A written provision in any contract evidencing a transaction involving commerce to settle

13   a dispute by arbitration is subject to the Federal Arbitration Act ("FAA").  9 U.S.C. § 2.  The

14   FAA confers on the parties involved the right to obtain an order directing that arbitration proceed

15   in the manner provided for in a contract between them.  9 U.S.C. § 4.  In considering a motion to

16   compel arbitration, the "court's role under the Act . . . is limited to determining (1) whether a

17   valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the

18   dispute at issue."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir.

19   2000).  The party seeking to compel arbitration bears the burden of proving by a preponderance

20   of the evidence the existence of an agreement to arbitrate.  *Ashbey v. Archstone Prop. Mgmt.,*

21   *Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015); *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565

22   (9th Cir. 2014) (citing *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 413 (1996)).

23   "Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations."

24   *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011).  However, parties may rely upon

25   generally applicable contract defenses to invalidate an agreement to arbitrate.  *See id*. at 339.

26            There is an "emphatic federal policy in favor of arbitral dispute resolution."  *Mitsubishi*

27   *Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 631 (1985).  As such, "any doubts

28   concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Id.* at 626

1   (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

2   However, the Supreme Court has clarified that "the FAA's 'policy favoring arbitration' does not

3   authorize federal courts to invent special, arbitration-preferring procedural rules." *Morgan v.*

4   *Sundance, Inc.*, 596 U.S. 411, 418 (2022).

5                           **DISCUSSION**

6         Here, plaintiff does not challenge the validity or scope of the parties' Arbitration

7   Agreement.  Instead, he argues that he cannot be compelled to arbitrate his claims because

8   defendant has waived any right it may have to compel arbitration.  (Doc. No. 49 at 3.)  Under the

9   legal standard set forth above, the court will first address whether the issue of waiver can be

10   properly resolved by this court or whether it has been delegated to an arbitrator.  Then, if

11   necessary, the court will determine whether defendant has waived its right to arbitration.  Finally,

12   the court will decide whether it is appropriate to stay the action if it is found to be properly

13   submitted to arbitration.

14   **A.**     **Delegation of the Waiver Issue**

15         As stated above, plaintiff argues that defendant waived its right to compel arbitration.

16   (*Id.*)  In its reply, defendant argues that this court should not decide whether a waiver has

17   occurred because the issue of waiver has been delegated to an arbitrator.  (Doc. No. 51 at 3–6.)

18         Whether a party has waived its right to arbitrate is "presumptively for a court and not an

19   arbitrator to decide." *Martin v. Yasuda*, 829 F.3d 1118, 1123 (9th Cir. 2016).  However, if parties

20   "intend that an arbitrator decide" the issue of waiver, the parties can rebut that presumption with

21   "clear and unmistakable language to that effect" in their arbitration agreement.  *Id.* at 1124.

22         Defendant argues that the parties' intent to delegate the waiver issue to arbitration is

23   evidenced by the clear and unmistakable language in the Arbitration Agreement stating that "[a]ll

24   issues are for the arbitrator to decide, including the scope and enforceability of this arbitration

25   provision."  (Doc. Nos. 51 at 4; 46-2 at 47.)  However, the Ninth Circuit has previously found that

26   similar language appearing in an arbitration agreement is insufficient to overcome the

27   presumption and to demonstrate intent to have an arbitrator decide the issue of waiver.  *See*

28   *Martin*, 829 F.3d at 1124 (holding that the district court did not err by deciding the waiver issue

1  where the arbitration agreement contained a scope provision stating that "[a]ll determinations as

2  to the scope, enforceability and effect of this arbitration agreement shall be decided by the

3  arbitrator, and not by a court"); *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1117 (9th Cir.

4  2008) (finding that the district court properly decided the waiver issue despite language in the

5  arbitration agreement stating that "[a]ny controversy . . . involving the construction or application

6  of the terms, provisions, or conditions of this Agreement or otherwise arising out of or related to

7  this Agreement shall likewise be settled by arbitration").  In light of binding Ninth Circuit

8  precedent, defendant's reliance on out-of-circuit authority suggesting that such broad provisions

9  are sufficiently clear and unmistakable is unavailing.  (*See* Doc. No. 51 at 3–5.)

10         Further, defendant argues that the Arbitration Agreement's incorporation of American

11  Arbitration Association ("AAA") rules evidences the clear and unmistakable intent to delegate

12  the question of waiver to an arbitrator.  (*Id.* at 4–5.)  The court also finds this argument to be

13  unpersuasive.  While the Ninth Circuit has found that incorporating arbitration association rules

14  signals such intent, this holding has been limited to cases involving sophisticated parties.  *See*

15  *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1075 (9th Cir. 2013) (holding that "as long

16  as an arbitration agreement is between sophisticated parties to commercial contracts, those parties

17  shall be expected to understand that incorporation of the UNCITRAL rules delegates questions of

18  arbitrability"); *Brennan v. Opus Bank*, 796 F.3d 1125, 1131 (9th Cir. 2015) (noting that "as in

19  *Oracle America,* we limit our holding to the facts of the present case, which do involve an

20  arbitration agreement 'between sophisticated parties'") (citation omitted).  Here, plaintiff is an

21  ordinary consumer and not a sophisticated party.  *See Brennan* at 1131 (finding that the plaintiff

22  was a sophisticated party where he was "an experienced attorney and businessman . . . who

23  executed an executive-level employment contract").  Defendant does not address the issue of the

24  level of plaintiff's sophistication in its briefing or attempt to argue otherwise.  (Doc. No. 51 at 3–

25  6.)  Accordingly, the court finds that defendant has not rebutted the presumption, with clear and

26  unmistakable language, that the issue of waiver should be decided by this court.

27  /////

28  /////

5

**B.      Merits of the Waiver Issue**

As noted, the parties dispute whether defendant has waived its right to compel arbitration. (Doc. Nos. 49 at 3–13; 51 at 3–6.)  A party asserting a waiver in this context, here plaintiff, must demonstrate:  (1) defendant's knowledge of an existing right to compel arbitration; and (2) defendant's intentional acts inconsistent with that existing right.  *In re Google Assistant Priv. Litig.*, No. 19-cv-04286-BLF, 2024 WL 251407, at *3 (N.D. Cal. Jan. 23, 2024) (citing *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023)).  Until recently, a party seeking to prove waiver of a right to arbitrate was also required to demonstrate a third element, "prejudice to the party opposing arbitration resulting from such inconsistent acts."  *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990), *abrogated on other grounds by Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023).  Although plaintiff here advances arguments addressing the issue of prejudice it has purportedly suffered, the Supreme Court has eliminated the third element of prejudice and thereby lightened plaintiff's burden here.  *See Morgan*, 596 U.S. at 417 (holding that, under the FAA, a court may not "condition a waiver of the right to arbitrate on a showing of prejudice").  Since the Supreme Court's decision in *Morgan*, "the party opposing arbitration still bears the burden of showing waiver, [but] the burden is no longer 'heavy.'"  *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014–15 (9th Cir. 2023) (explaining that "the burden for establishing waiver of an arbitration agreement is the same as the burden for establishing waiver in any other contractual context").

In their arguments, the parties appear to agree that the first of the two elements is met here.  Plaintiff states that defendant was "aware of the existence of an allegedly applicable arbitration agreement from the very start, evidenced by its reference to the same as an affirmative defense in its Answer."  (Doc. No. 49 at 5; *see also* Doc. No. 13 at 22.)  In its reply, defendant agrees that it "pleaded arbitration as an affirmative defense in its Answer."  (Doc. No. 51 at 8.)  Thus, the court finds that the knowledge requirement is satisfied in this case.

The court then turns to whether plaintiff has established that defendant's intentional acts were inconsistent with it exercising its right to compel arbitration.  In doing so, the court must consider "the totality of the parties' actions."  *Armstrong*, 59 F.4th at 1015 (citation omitted).

1  "[A] party generally 'acts inconsistently with exercising the right to arbitrate when it (1) makes an

2  intentional decision not to move to compel arbitration and (2) actively litigates the merits of a

3  case for a prolonged period of time in order to take advantage of being in court.'"  *Id.* (citation

4  omitted).  Here, plaintiff argues that defendant has acted inconsistently with exercising the right

5  to arbitrate due to its delay in moving for arbitration and its participation in this federal action,

6  particularly the discovery phase of this litigation.  (Doc. No. 49 at 4–13.)

7        "[A] party's extended silence and delay in moving for arbitration may indicate a conscious

8  decision to continue to seek judicial judgment on the merits of [the] arbitrable claims, which

9  would be inconsistent with a right to arbitrate."  *Martin*, 829 F.3d at 1125 (internal citations and

10 quotations omitted).  While the precise length of delay has not been specified as indicating such a

11 conscious decision, the Ninth Circuit has indicated that litigating in federal court for well over a

12 year in combination with the filing of substantive motions weighs in favor of a finding of waiver.

13 *See Hill*, 59 F.4th at 476 (finding that the defendant acted inconsistently with its right to compel

14 arbitration where it filed a motion for partial summary judgment as to a key issue in the case and

15 litigated the action for nearly five years); *Martin,* 829 F.3d at 1126 (finding the right to arbitration

16 waived where the defendant litigated in federal court for seventeen months, filed a motion to

17 dismiss on a key merits issue, received an adverse ruling, and then moved to compel arbitration);

18 *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988) (finding waiver

19 where defendant litigated in court for two years and filed a motion to dismiss on the merits).

20 Particularly relevant here, moving to compel arbitration within a year of the filing of plaintiff's

21 complaint, in combination with never seeking or obtaining a ruling on the merits, has been found

22 by the Ninth Circuit to indicate no waiver of the right to arbitrate.  *Armstrong*, 59 F.4th at 1016

23 (finding no waiver under these circumstances, despite the defendant's propounding of limited

24 discovery requests).

25       In this case, defendant moved to compel arbitration within a year of the filing of plaintiff's

26 complaint, and its motion to compel arbitration is the first substantive motion filed in this action.

27 (Doc. No. 51-1 at ¶ 13.)  Accordingly, the court finds that defendant's delay is insufficient to

28 establish waiver.  *See Capps v. JPMorgan Chase Bank, N.A.*, No. 2:22-cv-00806-DAD-JDP,

1   2023 WL 3030990, at *7 (E.D. Cal. Apr. 21, 2023) (finding that almost ten months of delay did

2   not establish waiver where "defendant Experian [did] not [seek] nor obtain[] any ruling from the

3   court on the merits of the action").[3]

4        Plaintiff points to defendant's other filings in this case during the period between the

5   filing of the complaint and defendant's filing of the pending motion to compel arbitration.  (Doc.

6   No. 49 at 5.)  However, the court's review of these filings (which include a motion for extension

7   of time to respond, a notice of interested parties, an answer, notices of appearance of counsel, a

8   joint scheduling report, a joint motion for entry of a protective order, a motion to amend the

9   parties' stipulated protective order, and a joint stipulation to extend the discovery deadline),

10  reveals that none are indicative of waiver because none sought judicial resolution of plaintiff's

11  claims on the merits and together they do not present "a clear narrative of . . . strategic choice to

12  engage the judiciary for resolution of the [] claims rather than to obtain a resolution from an

13  arbitrator."  *Hill*, 59 F.4th at 477; *see also Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC*,

14  931 F.3d 935, 941–42 (9th Cir. 2019) (distinguishing between seeking resolution "on the merits

15  of a key issue in a case" and other litigation activities, such as motions not addressing the merits,

16  that do not evince a decision to take advantage of the judicial forum), *abrogated on other grounds

17  by Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022).

18        As noted, plaintiff's notice of supplemental authority directs this court to a recent decision

19  in which another California district court did find that the defendant had waived its right to

20  compel arbitration based upon its conduct in actively litigating the case before the court.  (Doc.

21  No. 58) (citing *Slaten v. Experian Info. Sols., Inc.*, No. 21-cv-09045-MWF, 2023 WL 6890757, at

22  *5 (C.D. Cal. Sept. 6, 2023)).  However, in that case, the district court's analysis discussed

23

---

24  [3]  Despite this conclusion, the court notes that under Ninth Circuit precedent, a party's delay in
    moving to compel arbitration is more likely to be found reasonable when the moving party

25  provides an explanation for its delay.  *See Letizia v. Prudential Bache Sec., Inc*., 802 F.2d 1185,
    1187 (9th Cir. 1986) (finding no waiver where the "defendants did not seek arbitration until after

26  the close of discovery, nine months after their answer was filed . . . because such a move was
    futile under the then-prevailing law in this circuit").  Defendant here has provided no explanation

27  for its delay in moving to compel arbitration, contributing to this court's sense that this is a close
    case as to waiver.

28

various additional litigation activities that the defendant had engaged in, such as participating in mediation and discovery conferences and the making of certain relevant representations to the court. *Id.* (discussing the defendant's "representations to the [c]ourt suggesting that it would not seek to compel arbitration" and "that it 'anticipates it may file a motion for summary judgment' on issues going to the merits of [the p]laintiff's claims").  Here, the minimal substantive filings and the eleven months that elapsed between the filing of plaintiff's complaint and defendant's motion to compel arbitration, in the absence of other such indications of waiver, do not satisfy plaintiff's burden of demonstrating that defendant has acted inconsistently with exercising its right to compel arbitration.

In further support of its waiver argument, plaintiff has filed a declaration wherein his attorney James Ristvedt states that on March 23, 2023, defendant served 20 requests for admission, 18 interrogatories, and 23 requests for production on plaintiff.  (Doc. No. 49-1 at ¶ 2.)  Attorney Ristvedt explains that in response, plaintiff produced more than 800 pages of documents.  (*Id.*)  He also states that about two months later, defendant sought supplemental written discovery responses from plaintiff, which were provided thereafter.  (*Id.*)  In response, defendant's attorney, Jayce Gustafson, filed a declaration clarifying that plaintiff produced 776 pages of documents, over half of which consisted of consumer credit disclosures and other communications from defendant's affiliate, Experience Consumer Services.  (Doc. No. 51-1 at ¶ 11.)  Attorney Gustafson added that plaintiff's counsel took one deposition, while defendant has taken no depositions in this matter and has also note engaged in any third party discovery.  (*Id.* at ¶¶ 8, 12.)

The discovery activity in this case is somewhat troubling to the court in resolving the pending motion.  Defendant has provided no explanation for its decision to propound written discovery, and to even go so far as to seek supplemental written discovery, all while admittedly knowing that there was an arbitration agreement that bound the parties to conducting discovery subject to AAA rules.  (Doc. No. 46-2 at 48.)  Further, defendant makes no argument that the discovery conducted in this case was narrowly tailored, for example limited to determining the existence or applicability of the arbitration provision or other procedural matters.  Rather than

explaining why the court should not view the discovery activity as evidence of an intent to litigate, defendant attempts to analogize the present facts to a past case in which this court found that the same defendant had not waived its right to arbitrate.  *See* Doc. No. 51 at 3, 6 (defendant claiming three times that the facts of this case are "indistinguishable" from that of *Capps*, 2023 WL 3030990).  However, the defendant's engagement in discovery in *Capps* was far less substantial than in the instant case.  *See Capps*, 2023 WL 3030990 at \*7 (noting that the parties exchanged document requests, requests for admission, interrogatories, and deposition notices, but defendant Experian filed its motion to compel arbitration before either party had responded to the interrogatories or produced documents).

Despite defendant's lack of explanation for its participation in discovery, the court finds that the weight of the relevant authority suggests that the discovery activity in this case is shy of being sufficient to establish a waiver.  *See Last v. M-I, L.L.C.*, No. 1:20-cv-01205-NODJ-EPG, 2024 WL 551948, at \*8 (E.D. Cal. Feb. 12, 2024) (concluding that the defendant had not engaged in intentional acts inconsistent with its right to compel arbitration despite discovery activity including the conducting of five depositions); *Palmer v. Omni Hotel Mgmt. Corp.*, No. 15-cv-01527 JM-MDD, 2016 WL 816017, at \*3–4 (S.D. Cal. Mar. 1, 2016) (finding no waiver on the part of the plaintiff despite his engaging in written discovery, noticing multiple depositions, and taking a deposition).  Plaintiff has not been able to "cite any instance in which a court has determined discovery requests alone—however extensive—are so inconsistent with a right to arbitrate that they effect waiver." *Sywula v. Teleport Mobility, Inc*., No. 21-cv-01450-BAS-SBC, 2023 WL 4630620, at \*10 (S.D. Cal. July 18, 2023) (finding that the plaintiff did not meet his burden to demonstrate waiver, despite the fact that the defendants deposed him and served him with discovery requests that bled into the merits and required production of thousands of documents).

Further, plaintiff has failed to direct the court to any case in which a court has found that a similar level of engaging with the discovery process alone, without the filing of any substantive motions, could amount to waiver.  The court's own review of cases in which a party was found to have waived its right to arbitrate, despite no filing or discussion of substantive motions, suggests

that more substantial pursuit of discovery, and even court involvement in discovery, may be required to find waiver of the right to arbitrate.  *See Augusta v. Keehn & Assocs.*, 193 Cal. App. 4th 331, 339 (2011) (finding that the plaintiff waived the right to arbitrate where he propounded interrogatories, requests for admission, and document production, demanded supplemental responses, filed two motions to compel, and sought monetary sanctions for discovery rule violations, despite an arbitration clause prohibiting formal discovery); *Guess?, Inc. v. Superior Ct.*, 79 Cal. App. 4th 553, 558 (2000) (finding that the defendant acted inconsistently with its right to arbitrate where it "fully participated in the discovery process" by sending "two sets of lawyers" to the depositions, objecting "in court and out" to discovery demands, and "taking full advantage of the opportunity to test the validity of [the plaintiff's] claims, both legally and factually"); *see also Madrid v. Lazer Spot, Inc.*, No. 1:19-cv-00669-JLT, 2020 WL 4274218, at *8 (E.D. Cal. July 24, 2020) (finding that the plaintiff acted inconsistently with his right to compel arbitration where he propounded and responded to interrogatories and requests for production, took four depositions, defended one deposition, and filed a discovery motion related to the defendant's "refusal to designate a deponent").  The discovery activity in this action has not involved coming before the court on a motion to compel, a motion for sanctions, objections to discovery demands, a motion under Federal Rules of Civil Procedure 30(b)(6), or the like.  The court thus concludes that plaintiff has not shown that the discovery activity engaged in here, although not as limited as defendant suggests through analogy, is enough to lead to the conclusion that the right to compel arbitration has been waived.

Lastly, plaintiff argues in conclusory fashion that defendant not only vigorously participated in discovery before filing the pending motion to compel arbitration, but also manipulated the judicial process by pursuing avenues in discovery likely not available to it in arbitration.  (Doc. No. 49 at 8, 10.)  Such manipulation could indeed indicate the making of a "strategic choice" for judicial rather than arbitral resolution.  *Hill*, 59 F.4th at 477; *see also Plows v. Rockwell Collins, Inc.*, 812 F. Supp. 2d 1063 (C.D. Cal. 2011) (finding waiver where the defendant pursued broader discovery than what would have been permissible in arbitration given the arbitration agreement's specific discovery limitations).  However, here, plaintiff has not

identified discovery avenues that defendant has pursued in this action that would not be available in arbitration, and he has not identified provisions in the Arbitration Agreement that conflict with the discovery that has already been conducted in this action.  The court's own review of the AAA rules for consumer actions suggests that a discovery process is available in arbitration and is not specifically tailored such that the discovery exchanged here would necessarily be prohibited.  *See* American Arbitration Association Consumer Arbitration Rules (2014), at 20 (stating that "[i]f any party asks or if the arbitrator decides on his or her own . . . the arbitrator may direct specific documents and other information to be shared between the consumer and business").  Thus, while the court questions defendant's choice to engage in discovery before filing the pending motion, it cannot find that plaintiff has demonstrated that the discovery conducted in this case is sufficient evidence of an active litigation strategy by defendant resulting in waiver of its right to arbitrate.

Having considered plaintiff's arguments regarding the totality of defendant's actions in this case, including its filings in this action, its discovery activities, and its delay in moving for arbitration, the court finds that plaintiff has failed to establish that defendant's intentional acts were sufficiently inconsistent with the exercising of its right to compel arbitration.  However, the court again cautions defendant that it finds this to be a much closer case than what has previously come before the court, in light of defendant's many months of knowledge of the arbitration provision, active participation in litigation activities before moving to compel arbitration, and the lack of explanation for these actions.

## C.    Staying Proceedings Pending Resolution of Arbitration

Based on its consideration of the totality of the circumstances described above, the court concludes that defendant has not waived its right to compel plaintiff into arbitration and will thus grant the pending motion.  In addition, as is undisputed between the parties, any disagreement between them regarding the scope of the Arbitration Agreement and whether it covers the dispute between them is a matter that has been clearly and unmistakably delegated to the arbitrator under the terms of the Arbitration Agreement.  (Doc. Nos. 46-1 at 21–22; 49 at 3–4.)

Within its motion to compel arbitration, defendant requests that the court stay further litigation of this case pending resolution of arbitration.  (Doc. No. 46-1 at 22.)  In his opposition,

plaintiff does not address defendant's stay request.  (Doc. No. 49.)  Under § 3 of the FAA, where an issue involved in a proceeding is properly referred to arbitration, the district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."  9 U.S.C. § 3.  Accordingly, because the court has concluded that this action will be referred to arbitration, the court also finds that it must stay this action through the completion of arbitration pursuant to § 3 of the FAA.[4]

**CONCLUSION**

For the reasons explained above,

1. Defendant's motion to compel arbitration (Doc. No. 46) is granted and both this action and plaintiff's asserted claims are stayed pending the completion of arbitration;

2. Plaintiff and defendant are required to notify the court that arbitration proceedings have concluded within fourteen (14) days of the issuance of the arbitrator's decision; and

/////

/////

/////

---

[4]  Under Ninth Circuit precedent, there is an exception to the requirement that a court must stay litigation pending arbitration where "the court determines that all of the claims raised in the action are subject to arbitration."  *Forrest v. Spizzirri*, 62 F.4th 1201, 1205 (9th Cir. 2023), *cert. granted*, *Smith v. Spizzirri*, No. 22-1218, 2024 WL 133822 (U.S. Jan. 12, 2024) (citing *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014)).  The Supreme Court recently granted the petition for certiorari in *Forrest* in order to decide whether the FAA allows for this exception.  *Spizzirri*, 2024 WL 133822, at *1.  In the meantime, some district courts have taken the approach of staying cases temporarily where arbitration is being compelled.  *See Rossi v. Purvis*, No. 23-cv-04148-PCP, 2024 WL 319679, at *10 (N.D. Cal. Jan. 29, 2024) ("Given the possibility of a change in this area of the law, the Court will stay this case until July 1, 2024.  In the absence of new authority precluding dismissal, this case will be dismissed on that date."); *Last*, 2024 WL 551948, at *13 (adopting the same approach with a July 15, 2024 dismissal date).  However, the court has made no determination that all of the claims presented in the action are properly subject to arbitration.  As mentioned previously, the parties agree that the scope of the Arbitration Agreement and the arbitrability of their claims is a matter delegated to the arbitrator.  (Doc. Nos. 46-1 at 21–22; 49 at 3–4.)  Thus, the court finds that the Ninth Circuit's exception does not apply to the instant case.

3.      Because the action is now stayed pending the completion of arbitration, all dates currently on the calendar in this case are vacated.

IT IS SO ORDERED.

Dated:   **February 22, 2024**                    

DALE A. DROZD
UNITED STATES DISTRICT JUDGE