UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK D. FOX, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC, <br><br> Defendants. | No. 1:22-cv-1197-DAD-SCR <br><br><br> ORDER |

Before the Court is Plaintiff Rick Fox's motion to enforce a subpoena as to nonparty Dublin Automotive Group ("Dublin") and to order Dublin to show cause why it should not be held in contempt. ECF No. 76. For the reasons set forth herein, the motion is granted.

**Procedural History**

This subpoena enforcement motion is related to an underlying action in which Fox is suing Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union"). *See* ECF No. 1. The Complaint alleges that in July 2022, Plaintiff's wife needed a new car. *Id*. at ¶ 18. When reviewing his credit scores in anticipation of the purchase, Plaintiff discovered that each Defendant was unable to calculate his credit score. *Id.* at ¶¶ 19-22, 30-31. This was because in both reports, a Discover Card account listed him as dead as of July 2022, despite the reports also showing that he paid the July and August 2022 balances on time. *Id.* at ¶¶ 25-28, 34-37.

The Complaint further alleges that on August 15, 2022, Experian told Plaintiff that it had corrected the error. *Id.* at ¶ 46. Plaintiff assumed Experian had shared this with Trans Union, and that Trans Union had therefore also corrected the error. *Id.* at ¶ 47. He then applied for automobile loans from five non-parties, including Turlock Chrysler. *Id.* at ¶ 49. All five denied his application after reviewing copies of his consumer reports from both Defendants. *Id.* at ¶¶ 50-52. The Complaint alleges this is because the consumer reports still listed him as deceased, and Defendants never contacted the lenders to correct the error. *Id.* at ¶¶ 53-54.

Plaintiff obtained a letter from the Social Security Administration verifying he was not deceased. *Id.* at ¶ 55. He sent it to Experian on August 16, 2022 along with other "proof of life." *Id.* at ¶ 56. On August 18, Experian demanded a notarized letter affirming his identity. *Id.* at ¶ 57.

The Complaint alleges that as of its filing, neither Defendant had updated its records to reflect that Plaintiff is not deceased. *Id.* at ¶¶ 58-59. Based on this failure, the Complaint asserts that Defendants violated their duty under 15 U.S.C. § 1681e(b) and California Civil Code § 1785.14 to "maintain reasonable procedures to ensure that they compile and disburse consumer information with maximal accuracy." *Id.* at ¶¶ 72-73, 97-98. The Complaint also cites Defendants' duty, under 15 U.S.C. § 1681i, to "conduct a reasonable investigation" into consumer complaints of inaccurate information, and to forward the dispute to the furnisher of that information within five days. *Id.* at ¶¶ 84-88.

The current motion alleges that Dublin is Turlock Chrysler's parent company. ECF No. 76 at 3-4. The subpoena at issue, served on December 31, 2024, required Dublin to produce documents by January 10, 2025 and appear for a deposition on January 13, 2025. ECF Nos. 76-2 at 1, 76-3 at 1. Dublin did not produce the requested documents, appear for the deposition, or contact Plaintiff's counsel about the subpoena. ECF Nos. 76-4, 76-5 at ¶¶ 6-8.

## Analysis

**A. Motion to Compel**

A subpoena may command a non-party to attend a trial, hearing, or deposition. Fed. R. Civ. P. 45(c)(1). It may also command the non-party to produce "documents, electronically

1  stored information, or tangible things at a place within 100 miles of where the person resides, is
2  employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2)(A).  Objections to
3  a subpoena for production of documents or tangible things must be served within the earlier of 14
4  days or the deadline for compliance.  Fed. R. Civ. P. 45(d)(2)(B)(i).
5       The subpoena was served on December 31, 2024 and required Dublin to produce
6  documents by January 10, 2025 and appear for a deposition on January 13, 2025.  ECF Nos. 76-2
7  at 1, 76-3 at 1.  Because January 10 was "the earlier of the time specified for compliance or 14
8  days after the subpoena [was] served," that date was the deadline for objections.  ECF No. 76-2 at
9  1.  As of this order, Dublin has not filed objections.  If Dublin believed the requested documents
10 irrelevant or a ten-day compliance deadline too onerous, it should have filed objections to that
11 effect.
12      In any event, any argument that the requested information was irrelevant to the current
13 action would likely lack merit.  The subpoenaed documents included (1) any documents related to
14 any credit application Plaintiff submitted from January 2021 thereafter, (2) any records of
15 payments Dublin paid or should have paid for his Experian consumer reports, (3) any documents
16 used to process or evaluate Plaintiff's August 2022 application, (4) any documents evidencing
17 Dublin's denial of the application or reasons for such denial, (5) consumer or credit reports
18 reviewed for such application, (6) any communications with Plaintiff since January 2021 and
19 attachments thereto, (7) any communications since January 2021 between Dublin and Experian
20 about Plaintiff or his consumer report, and (8) any documents that Experian has provided about
21 Plaintiff or his credit application since January 2021.  ECF No. 76-2 at 10-11.  The subpoena
22 asserted that questions during Dublin's deposition would concern the August 2022 credit
23 application, the evaluation thereof, relevant requests for Plaintiff's consumer report, said reports
24 and amounts paid to Experian for them, policies for reviewing such reports, and any
25 communications between employees or with consumer reporting agencies about Plaintiff, his
26 credit application, or his consumer reports.  ECF No. 76-2 at 18-19.  The Complaint alleges that
27 Experian's failure to amend Plaintiff's consumer report to show that he was not deceased caused
28 Dublin's subsidiary to deny his credit application.  ECF No. 1 at ¶¶ 49-54.  The requested

1  documents may help establish whether Dublin relied on the report's assertion that Plaintiff was
2  deceased.
3      On the record before it, the Court finds that Dublin's failure to comply with, or even
4  respond to, the subpoena lacks justification. The Court grants the motion to compel production of
5  the requested documents and appearance for a deposition.

6      **B. Order to Show Cause Re: Contempt**

7      A court "may hold in contempt a person who, having been served, fails without adequate
8  excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Contempt sanctions
9  can include deposition attendance fees and attorney's fees. *LHF Prods. v. Doe*, Case No. 3:16-
10 CV-00716-AC, 2016 U.S. Dist. LEXIS 145971, at *5 (D. Or. Oct. 21, 2016) (citing *PaineWebber
11 Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002); *Corder v. Howard Johnson & Co.*,
12 53 F.3d 225, 232 (9th Cir. 1994)).

13     Dublin was served on December 31, 2024. ECF No. 76-3. Dublin has not filed objections
14 to the subpoena or otherwise contacted Plaintiff about it. ECF No. 76-5 at ¶¶ 6-8. As discussed
15 above, any efforts to contest the relevance of requested documents would likely fail. See *supra*.
16 The Court orders Dublin to show cause, within fourteen (14) days of this order, as why it should
17 not be held in contempt for its failure to comply with or even respond to the subpoena.

18     **IT IS HEREBY ORDERED:**

19     The Court GRANTS the motion to compel Dublin's compliance with the subpoena served
20 on December 31, 2024. Within fourteen (14) days of this order, Dublin is ordered to:

21     1. Produce to Plaintiff the documents identified in the subpoena (ECF No. 76-2 at 10-
22        11);
23     2. Schedule with Plaintiff and appear for a deposition on the topics identified in the
24        subpoena (*Id.* at 18-19);

25 ////
26 ////
27 ////
28

3. File a brief with this Court explaining why the Court should not hold Dublin in contempt for failure to timely respond to this subpoena, or award Plaintiff attorney's fees and deposition attendance fees.

DATED: January 29, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE