UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICK D. FOX,

              Plaintiff,

    v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

              Defendant.

No. 1:22-cv-01197-DAD-SCR

ORDER GRANTING DEFENDANT'S REQUEST TO SEAL IN PART AND DENYING PLAINTIFF'S REQUESTS TO SEAL

(Doc. Nos. 88, 92, 110)

This matter is before the court on defendant's request to seal filed on May 30, 2025 and plaintiff's requests to seal filed on May 30, 2025 and June 27, 2025. (Doc. Nos. 88, 92, 110.)  In its request, defendant seeks to:  (1) file redacted versions of Exhibits 14 and 15 attached to its statement of undisputed facts filed in support of its motion for summary judgment which redact plaintiff's personal identifying information; and (2) file under seal Exhibits 2, 4, 6, 7, 8, 10, and 16.  (Doc. No. 88.)  In plaintiff's requests to seal, he seeks to:  (1) file under seal Exhibits E, F, G, M, P, R, T, W, X, and AA which are attached to his statement of undisputed facts filed in support of his motion for summary judgment; and (2) file under seal Exhibit J which is attached to plaintiff's response to defendant's statement of undisputed facts.  (Doc. Nos. 92, 110.)  For the reasons below, the court will grant defendant's request to seal in part and will deny plaintiff's requests to seal without prejudice to renewal.

1

## LEGAL STANDARD

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[1]

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions, such as a motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

*Id.* at 1178–79 (internal quotation marks and citations omitted).  The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard.  *Id.* at 1178.

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*  Finally, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**DISCUSSION**

As noted above, the pending requests to seal were filed with respect to exhibits attached to motions for summary judgment and responses to such motions.  Accordingly, the compelling reasons standard applies to the pending requests to seal.  *See Nia v. Bank of Am, N.A.*, No. 21-cv-01799-BAS-BGS, 2024 WL 171659, at *2 (S.D. Cal. Jan. 12, 2024) ("[M]otions for summary judgment . . . are [] more than tangentially related to the merits of a case, and thus the compelling reasons standard applies to such motions."); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (applying a compelling reasons standard when considering a request to seal documents attached to a motion for summary judgment).

In its request to seal, defendant first requests to file redacted versions of exhibits so as to remove plaintiff's personal identify information.  Local Rule 140 permits parties to file the redactions of the type sought without order of the court.  L.R. 140.  However, it appears from defendant's submitted proposed redactions that it seeks to redact all digits for dates of birth, social security numbers, and financial account numbers rather than the partial redactions

authorized as a matter of course pursuant to Local Rule 140. Nevertheless, the court finds that there exist compelling reasons for the redaction in full of such information to protect plaintiff from harm or identity theft. *Kamakana*, 447 F.3d at 1184 (affirming the sealing of sensitive personal information such as an address and a social security number to prevent identity theft).

Defendant also seeks sealing of several other exhibits, but argues only that there exists good cause to justify the sealing of those exhibits. In support of its contention that the good cause standard applies, defendant cites two cases—*Nwankwere v. Jaddou*, No. 1:22-cv-01212-JLT-SKO, 2023 WL 1869006 (E.D. Cal. Feb. 9, 2023) and *Zavala v. GreatBanc Trust Company*, No. 1:19-cv-00239-DAD-SKO, 2022 WL 17830231 (E.D. Cal. Dec. 20, 2022), *report and recommendation adopted sub nom. Zavala v. Kruse*, No. 1:19-cv-00239-ADA-SKO, 2023 WL 2387513 (E.D. Cal. Mar. 7, 2023)—which pertain to requests to seal which were not filed in connection with dispositive motions and *Esquivel v. Bank of America, N.A.*, No. 2:12-cv-02502-GEB, 2015 WL 4224712 (E.D. Cal. July 10, 2015) in which the court did not decide whether the good cause or compelling reasons standard applied. Defendant's argument based upon the good cause standard is misplaced given that they seek sealing in connection with a motion for summary judgment. Denial of its request on that ground alone would be appropriate. Even were the court to consider whether defendant's proffered justifications for sealing satisfied the compelling reasons standard, defendant's explanations in this regard are highly conclusory. Defendant argues that the exhibits it wishes to seal are "highly confidential" documents, at times marked for "attorneys' eyes only[,]" and makes a conclusory assertion that disclosure of certain documents could hurt its "competitive standing[.]" However, these reasons are not sufficiently supported or particularized to justify sealing of the exhibits at issue. *See Roadrunner Intermodal Servs., LLC v. T.G.S. Transp., Inc.*, No. 1:17-cv-01056-DAD-BAM, 2017 WL 5070362, at *2 (E.D. Cal. Nov. 3, 2017) ("Of course, that Roadrunner considers the information in question to be confidential cannot be dispositive. . . . The stipulated protective order entered in this case does not identify or discuss the 'compelling reasons' standard, meaning that the presumption of access to court records has not been rebutted."); *see also Simplehuman, LLC v. iTouchless Housewares & Prods., Inc.*, No. 19-cv-02351-MWF-KS, 2020 WL 6192012, at *2 (C.D. Cal. Feb. 20, 2020) (denying a

4

request to seal where the court could speculate how certain exhibits contained information which may warrant sealing but where the defendant had failed to present any evidence or argument to support sealing); *Thrive Nat. Care, Inc. v. Thrive Causemetics, Inc.*, No. 20-cv-09091-PA-AS, 2021 WL 5279575, at \*2 (C.D. Cal. Sept. 21, 2021) (finding that the plaintiff failed to set forth specific facts explaining how a public filing created a specific harm and that therefore the plaintiff had not shown compelling reasons to seal) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" did not satisfy the compelling reasons standard)). Therefore, the court will deny defendant's request to seal entire exhibits.

In his requests to seal plaintiff first argues that there exist compelling reasons to seal several exhibits in their entirety because they contain personal identifying information such as his social security number and other financial information.  (Doc. Nos. 92 at 2–3; 110 at 2.)  As discussed above, Local Rule 140 contemplates redaction of such information rather than sealing of entire documents and courts have denied motions to seal entire documents where narrowly tailored redactions would suffice.  *See Kalkhoven v. United States*, No. 2:21-cv-01440-KJM-JDP, 2021 WL 3779863, at \*2 (E.D. Cal. Aug. 24, 2021) ("That redaction of some information is required [under Local Rule 140], however, does not support the extensive sealing Kalkhoven seeks."); *see also Ponomarenko v. Shapiro*, No. 16-cv-02763-BLF, 2017 WL 3605226, at \*4 (N.D. Cal. Aug. 21, 2017) (denying a request to seal the entirety of a document that contained personal identifying information on the basis that the request was not narrowly tailored). Accordingly, plaintiff's requests to seal various exhibits in their entirety because they contain personal identifying information will be denied.

Plaintiff next argues in conclusory fashion that there exists compelling reasons to seal the remaining exhibits he has identified because they contain defendant's "confidential policies and procedures which would significantly harm [defendant] if released to its competitors" and which were otherwise marked with an attorney's eyes only provision.  (Doc. No. 92 at 2–3.)  To the extent that plaintiff bases this argument on the exhibits' designations by the parties as "confidential," the court rejects this argument for the same reasons it rejected defendant's

5

argument to this same effect above.  Otherwise, plaintiff's assertion that the exhibits contain confidential policies and procedures is not particularized, fails to identify specifically how defendant would be harmed by the documents appearing on the public docket, and is not narrowly tailored.  *See Xpandortho, Inc. v. Zimmer Biomet Holdings, Inc.*, No. 3:21-cv-00105-BEN-KSC, 2021 WL 2665606, at *5 (S.D. Cal. June 29, 2021) (denying request to seal document which contains "confidential policies" because the defendants did not establish how disclosure would hurt competitive standing and the request was not narrowly tailored); *see also Davis v. Devanlay Retail Grp., Inc.*, No. 2:11-cv-01719-KJM-CKD, 2012 WL 13049693, at *2 (E.D. Cal. Aug. 6, 2012) (finding that a conclusory statement that the documents sought to be sealed contained "confidential and proprietary company information with regard to Defendant's policies" was insufficient to satisfy the compelling reasons standard).  Accordingly, plaintiff's requests to seal certain exhibits on the grounds that they contain defendant's confidential business information will be denied.

It appears to the court that plaintiff is unlikely to be able to make a showing on defendant's behalf that those exhibits, which purportedly pertain to defendant's confidential policies, would harm defendant's competitive standing if publicly disclosed.  *See Monterrosa v. City of Vallejo*, No. 2:20-cv-01563-DAD-SCR, 2025 WL 16785404, at *3–4 (E.D. Cal. June 13, 2025) (observing that the plaintiffs were citing to records in their motion for summary judgment which the defendant city had marked as confidential and that plaintiffs were therefore required to seek filing under seal under the parties' stipulated protective order ).  Accordingly, following its prior approach in *Monterrosa*, the court will direct defendant to either submit a request to seal those exhibits making the appropriate showing justifying the requested sealing (Doc. Nos. 91-23, 91-24, 91-27) or otherwise file a notice of non-opposition to the filing of those exhibits on the public docket.

/////

/////

/////

/////

6

**CONCLUSION**

For the reasons above,

1.     Defendant's request to seal (Doc. No. 88) is GRANTED in part:

   a.     Defendant's request to file redacted versions of Exhibits 14 and 15 (Doc. Nos. 86-14, 86-15) attached to its statement of undisputed facts (Doc. No. 86) is GRANTED;

   b.     Within ten (10) days of the date of entry of this order, defendant shall file unredacted versions of the identified documents under seal and shall file redacted versions of the identified documents on the public docket;

   c.     Defendant's request to seal is otherwise DENIED, without prejudice to its renewal based upon a more complete showing;

2.     Plaintiff's requests to seal (Doc. Nos. 92, 110) are DENIED, without prejudice to their renewal based upon a more complete showing;

3.     Defendant is DIRECTED, within ten (10) days of the date of entry of this order, to either file a fully supported request to seal the exhibits which purportedly contain its confidential business records which plaintiff has attached to his statement of undisputed facts (Doc. Nos. 91-23, 91-24, 91-27) or otherwise file a notice of non-opposition to the filing of those exhibits; and

4.     If defendant fails to either submit a request to seal or a notice of non-opposition within ten (10) days of the date of entry of this order, the court AUTHORIZES plaintiff to file those identified exhibits (Doc. Nos. 91-23, 91-24, 91-27) on the public docket.

IT IS SO ORDERED.

Dated:   **March 31, 2026**                    _____

                                               DALE A. DROZD
                                               UNITED STATES DISTRICT JUDGE

7