UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICK D. FOX,

          Plaintiff,

    v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

          Defendant.

No. 1:22-cv-01197-DAD-SCR

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

(Doc. No. 95)

This matter is before the court on plaintiff Rick Fox's motion for exclusionary sanctions pursuant to Federal Rule of Civil Procedure 37(c). (Doc. No. 95.) For the reasons explained below, plaintiff's motion will be denied.

**BACKGROUND**

On September 21, 2022, plaintiff filed a complaint in this federal court initiating this consumer protection action. (Doc. No. 1.) On October 31, 2024, the undersigned issued a scheduling order that ordered fact discovery to be completed by December 31, 2024 and all expert discovery be completed by March 31, 2025. (Doc. No. 70 at 3–4.) While discovery was on-going, plaintiff propounded a number of requests for production ("RFP") on defendant. (Doc. No. 95-3 at 2.) Among those RFPs included request number 33, which asked that defendant:

/////

1

> Produce all communications between you and any subscriber that received Fraud Shield notices communicating that Plaintiff's Social Security Number was recorded as deceased which contain information about how the subscriber should properly understand and use the Fraud Shield product. This Request includes, without limitation, any evidence that any such communications were ever actually sent, received, or acknowledged by the subscriber.

(*Id.* at 8.)  Defendant objected to this RFP as "unduly burdensome and overbroad[,]" "vague and ambiguous[,]" that it requests information that is not in defendant's "possession, custody, or control[,]" and further objected "to the extent that it seeks confidential, proprietary, privileged, and/or trade secret information." (*Id.*)  Defendant ultimately agreed to produce "certain responsive communications between Experian and Capital One Financial Corp., Wells Fargo Bank, and Santander Consumer USA, Inc." (*Id.* at 9.)

During the week of March 24, 2025, plaintiff's counsel, James Ristvedt ("Ristvedt") prepared for the deposition of defendant's Rule 26 expert, Kimberly Cave ("Cave").  (Doc. No. 95-4 at 4.)  During that preparation, Ristvedt recalled that Wells Fargo training documents were produced during discovery in a separate case that he was involved in brought against defendant that had since settled.  (*Id.*)  During her deposition, Ristvedt asked Cave a number of questions about the Wells Fargo training documents, but because Ristvedt did not have a copy of them with him, Cave was unable to recall much about that topic during that line of questioning.  (*Id.*)

During an April 7, 2025 phone call with defense counsel, Ristvedt requested that defense counsel produce the Wells Fargo training documents.  (*Id.*)  On May 5, 2025, Ristvedt sent defense counsel, Kevin Hasenfang ("Hasenfang"), an email stressing that the Wells Fargo training documents should have been disclosed in response to RFP number 33.  (Doc. No. 95-8 at 2.)  Ristvedt further stated that the Wells Fargo training documents show that Cave led a training which communicated to Wells Fargo that Fraud Shield data is included in the credit report.  (*Id.*)  Hasenfang replied to Ristvedt's email and indicated defendant would not produce the documents.  (*Id.*)

Sometime in April 2025, Hasenfeng reviewed the Wells Fargo training documents requested by plaintiff and observed that the request encompassed nearly 100 pages and the documents mention Fraud Shield on one page as part of an example.  (Doc. No. 103-1 at ¶¶ 2, 5.)

2

Plaintiff filed the pending motion to exclude on June 9, 2025.  (Doc. No. 95.)  Defendant filed its opposition thereto on June 23, 2025.  (Doc. No. 103.)  Plaintiff filed his reply in support of his motion to exclude on July 3, 2025.  (Doc. No. 111.)

**LEGAL STANDARD**

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37.  Under Rule 26(a) of the Federal Rules of Civil Procedure, each party must provide in their initial required disclosures "a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  Under subsection e of Rule 26, a party who has made a Rule 26(a) initial disclosure or has responded to a request for production must supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).

"Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed."  *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citation omitted).  It is "self-executing," "automatic[,]" and intended to strongly incentivize disclosure of material.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  "The Advisory Committee Notes clarify that Rule

3

37(c)(1) is a self-executing provision for failure to make a disclosure required by Rule 26(a), without need for a motion to compel sanction." *Todd v. LaMarque*, No. 03-cv-03995-SBA, 2007 WL 3168272, at *1 (N.D. Cal. Oct. 25, 2007). "The automatic nature of the rule's application does not mean that a district court *must* exclude evidence that runs afoul of Rule 26(a) or (e) . . . Rather, the rule is automatic in the sense that a district court *may* properly impose an exclusion sanction where" the violating party does not show that their failure to disclose was either substantially justified or harmless. *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (citing *Yeti by Molly*, 259 F.3d at 1106–07). District courts are given "particularly wide latitude" in exercising their discretion to issue sanctions pursuant to Rule 37(c)(1). *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1178 (9th Cir. 2008), *as amended* (Sept. 16, 2008).

**DISCUSSION**

Plaintiff argues that the court should impose exclusionary sanctions against defendant pursuant to Rule 37(c)(1) for failing to produce the Wells Fargo training documents in discovery. (Doc. No. 95 at 3.) Specifically, plaintiff argues that these documents should have been included in defendant's response to RFP number 33. (*Id.*) In its opposition to plaintiff's request, defendant argues that plaintiff's motion should be denied because Rule 26(a) and (e) do not apply under the circumstances, and therefore, sanctions cannot be awarded pursuant to Rule 37(c)(1). (Doc. No. 103 at 5.) Defendant further argues that Rule 26(a) does not apply because defendant does not intend to use the Well Fargo training documents in support of its case and that Rule 26(e) does not apply because its response to RFP number 33 was not incorrect or incomplete. (*Id.*) In his reply, plaintiff argues that defendant should have produced the document at issue as responsive to RFP number 33 and its failure to do so was in violation of Rule 26.

As discussed above, Rule 37(c)(1) provides for exclusionary sanctions "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . unless the failure was substantially justified or is harmless." Fed. Rule. Civ. Pro. 37(c)(1). As relevant here, Rule 26(e) requires a party who has responded to a request for production to "supplement or correct" its response "if the party learns that in some material respect the disclosure or response is incomplete or incorrect. . . ." Fed. Rule. Civ. Pro. 26(e)(1)(A).

4

The parties dispute whether defendant's disclosure in response to plaintiff's RFP number 33 was incomplete or incorrect in a material respect.  Plaintiff argues that RFP number 33 necessarily included the document at issue within the scope of that request (Doc. No. 95 at 6–7), while defendant argues that the document does not include information "about how Wells Fargo should 'properly understand and use the Fraud Shield product'" and is therefore not responsive to plaintiff's RFP number 33 (Doc. No. 103 at 3).  Notably, neither party has provided the document at issue to the court for its review.  The court is therefore unable to determine whether defendant's disclosure in response to RFP number 33 was incomplete or incorrect in a material respect such that it violated Rule 26(e).  For this reason, the court will deny plaintiff's motion for exclusionary sanctions pursuant to Rule 37(c)(1).

The court notes that while plaintiff was not required to file a motion to compel prior to requesting exclusionary sanctions,[1] plaintiff's failure to promptly move to compel the production of the documents during discovery has prejudiced his claim because the court is now unable to evaluate the relevance of the Wells Fargo training documents at issue.  However, even if the documents had been submitted to the court in support of the pending motion, the court would be within its discretion to decline to order exclusionary sanctions under the circumstances of this case. *See McFadden v. City of Bakersfield*, No. 1:23-cv-01421-JLT-CDB, 2025 WL 35933, at *2 (E.D. Cal. Jan. 6, 2025) ("Defendants decision to forego timely seeking the Court's assistance through a motion to compel after suggesting Plaintiff's nondisclosure of the stipulated judgment violated Rule 26 undermines their arguments concerning harm and prejudice."); *Krause v. Hawaiian Airlines, Inc.*, No. 2:18-cv-00928-JAM-AC, 2019 WL 13225251, at *4 (E.D. Cal. June 7, 2019)  (declining to order exclusionary sanctions "in an effort to deter what could be perceived as an attempt to scuttle [the opposing party's] case on procedural grounds when ample time

---

[1]  As discussed above, the Federal Rules do not require a party to file a motion to compel prior to requesting exclusionary sanctions.  *See Silver State Broad., LLC v. Bergner*, 705 F. App'x 640, 641 (9th Cir. 2017) (holding that because "Rule 37(c)(1) establishes an automatic exclusion sanction" for violations of Rule 26(a)(1)(A)(iii), the aggrieved party did not need to compel disclosure before seeking sanctions)); *Krause*, 2019 WL 13225251, at *4, n. 3 ("Because the Federal Rules do not require a prior motion to compel as a predicate to exclusion sanctions, the undersigned does not find that defendant 'waived' its right to bring the instant motion to strike.").

remained to cure the nondisclosure" where the defendant delayed one month before filing a motion for exclusionary sanctions). Here, during the week of March 24, 2025, plaintiff's counsel recalled the existence of the document at issue while preparing for the deposition of defendant's expert Kimberly Cave. (Doc. No. 95-4 ¶¶ 5–6.) Plaintiff requested the document from defendant's counsel via phone call on April 7, 2025, and email on April 21, 2025. (*Id.* at ¶ 8.) Defendant's counsel stated defendant would not produce the document via email on May 5, 2025. (*Id.*) Plaintiff filed this motion on June 9, 2025, over one month after defendant's counsel stated they would not produce the document and at least two months after plaintiff's counsel recalled its existence.

Plaintiff's motion for exclusionary sanctions will be denied without prejudice because the court is unable to determine, based upon the documents before the court, whether defendant's response to RFP number 33 violated Rule 26(e). Plaintiff has requested leave to file a motion to compel the document at issue in the event the court denied his motion. (Doc. No. 95 at 1.) The court will also deny that request because discovery in this action had closed under the court's scheduling order when plaintiff filed the pending motion.

**CONCLUSION**

For the reasons explained above, plaintiff's motion for exclusionary sanctions pursuant to Rule 37(c) (Doc. No. 95) is DENIED.

IT IS SO ORDERED.

Dated:    **March 31, 2026**                    _____

                                        DALE A. DROZD
                                        UNITED STATES DISTRICT JUDGE